UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

SEAN ANTHONY DAWKINS                    CASE NO.  2:21-CV-01964

VERSUS                                  JUDGE JAMES D. CAIN, JR.

JEDIDIAH DIERKSEN ET AL                 MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 15) filed by Defendant, Kiewit Louisiana Co. ("Kiewit") who moves for summary judgment that at the time of the accident that is the subject of this lawsuit, Defendant, Jedidiah Dierksen, was not acting in the course and scope of his employment with Kiewit, and thus there can be no vicarious liability as to Kiewit. Plaintiff does not oppose this motion.[1]

## FACTUAL STATEMENT

On March 7, 2021, Jedidiah Dierksen, a salaried employee,[2] was employed by Kiewit.  On Sunday, March 27, 2021, at approximately 6:30 a.m., Dierksen made contact with a car driven by Plaintiff, Sean Dawkins. Dierksen was driving a truck provided by Kiewit.[3] Prior to the accident, Dierksen had been working as a grading foreman at a Cameron natural-gas plant.[4] Also prior to the accident, Mr. Dawkins had been working at

---

[1] Plaintiff's Reply to Defendnat's Motion for Summary Judgment, Doc. 17.
[2] Defendant's exhibit C Jedidiah Dierksen depo., p. 10; Defendant's exhibit D Affidavit of Jedidiah Dierksen, ¶ 3.
[3] Defendant's exhibit C Jedidiah Dierksen deposition, p. 11.
[4] Id. p. 17; Defendant's exhibit D Affidavit of Jedidiah Dierksen, ¶ 3.

the same Cameron natural-gas plant.[5] Dawkins and Dierksen left the plant at approximately the same time to go home.

Dierksen was not receiving any compensation for the time spent driving home from work.[6] Dierksen reported the accident to Kiewit, and later that evening he underwent a blood test for alcohol and drugs.[7] Dierksen performed no job-related tasks after he left work,[8] nor did he perform any job-related tasks or anticipate doing any work from the time he left work on the date of the accident until he returned to work at the Cameron plant on the evening of March 7, 2021.[9]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This

---

[5] Defendant's exhibit B, Sean Dawkins depo. p. 73 and 74; Defendant's exhibit C, Dierksen depo. p. 10.
[6] Defendant's exhibit D, Dierksen affidavit, ¶ 3.
[7] Defendant's exhibit C, Dierksen depo. p. 13, 22–23; Defendant's exhibit D, Dierksen affidavit ¶ 2.
[8] *Id.*
[9] *Id.*

requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Louisiana jurisprudence holds that when an employee is traveling from home to work, or returning from work to home, generally they are not within the course and scope of their employment. *Orgeron v. McDonald*, 639 So.2d 224, 226 and 227 (La. 7/5/94) (citations omitted). As previously noted, Plaintiff does not oppose this motion. As such there are no facts to dispute that Defendant Dierksen was not within the course and scope of his employment when the accident occurred.

## **CONCLUSION**

Because the Court has concluded that Jedidiah Dierksen was not within the course and scope of his employment during the relevant time period, the Court will grant

Defendant, Kiewit's motion finding that Kiewit is not vicariously liable and dismiss this Defendant with prejudice.

      **THUS DONE AND SIGNED** in Chambers on this 3rd day of May, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**